UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **CELEBRITY CONTRACTORS, INC.** | **12-10281** |
| | SECTION A |
| DEBTOR | CHAPTER 7 |

## REASONS FOR ORDER

This matter is before the Court pursuant to the First and Final Application for Compensation by Robert L. Marrero, Esq. ("Applicant") (Pleading 189). Having considered the Application, along with the Objection thereto, the Court finds that Applicant is entitled to $9,390.00 in connection with time spent performing case administrative duties and $1,000.00 for fees earned in connection with his representation of Debtor in Adversary Proceeding 12-1029. In addition, costs in the amount of $1,632.00 are awarded.

The State has lodged an Objection to Applicant's First and Final Application for Compensation. (Pleadings 191 and 194). The State, however, provides no particulars supporting the basis of its Objection. Many of the time entries which the State seeks to dismiss involve Applicant's performance of case administrative duties, duties for which Applicant is entitled to compensation.[1] Nevertheless, the Court has undertaken a review of Applicant's fee request.

After review of the invoices, the Court separated the time spent into separate categories, case administration, plan or disclosure formulation, response to an Order to Show Cause, and adversary matters. Time spent in the administration of the case produced a fee of $9,390.00. The duties included in administration are Applicant's attendance at court proceedings and the Section 341

---

[1] For example, the State objects to time expended by Applicant reviewing various pleadings such as a proof of claim filed by the Louisiana Department of Revenue and a motion to lift stay filed by Iberia Bank. The State, however, provides no reason why Applicant should not have performed such case administrative tasks.

meeting, communication with parties associated with this matter, and the review, preparation and filing of court pleadings. All of Applicant's fee request is granted with regard to this time. Applicant is also entitled to reimbursement of the filing fee incurred on the institution of this case, or $1,046.00.

The time incurred in connection with plan and disclosure formulation was $3,630.00 while time for defending an Order to Show Cause was $90.00. Applicant is not entitled to compensation for time spent in connection with efforts to formulate a plan, prepare a disclosure statement, and defend an Order to Show Cause because the services provided did not result in a material benefit to the bankruptcy estate.[2] Debtor's Chapter 11 proceeding was unsuccessful and was converted to a Chapter 7. (Pleading 88).

There were two adversary proceedings, 12-1029 and 12-1042, filed in this matter. Applicant effectuated a settlement in adversary proceeding 12-1029, benefitting the estate in the amount of $3,000.00. (Pleading 85). Given the standard thirty-three and one-third percent (33 1/3%) contingency fee arrangement, Applicant is entitled to compensation in the amount of $1,000.00.

The prosecution and $38,000.00 settlement of the second adversary proceeding, 12-1042, was primarily effectuated by the Chapter 7 Trustee's counsel. (Pleading 110). In connection therewith, Trustee's counsel, without objection, was awarded attorney's fees in the amount of $12,666.67. (Adversary Proceeding Pleading 83). Further fees for this matter are not warranted. As a result, Applicant's request for $6,400.00 in fees expended in connection with these adversary proceedings is reduced to $1,000.00. Filing fees in the total amount of $596.00 are also awarded.

---

[2] *Matter of Pro-Snax Distributors, Inc.*, 157 F.3d 414, 426 (5th Cir. 1998) (citation omitted) (for compensation purposes, "any work performed by legal counsel on behalf of debtor must be of material benefit to the estate.").

For these reasons the Court finds Applicant is entitled to compensation in the amount of $10,390.00, and is entitled to reimbursement of expenses in the amount of $1,632.00.[3]

New Orleans, Louisiana, February 9, 2015.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[3] Applicant's expenses are solely comprised of the fees associated with the filing of the main case and the filings of the two adversary proceedings.